J-A33016-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD J. GIULIANI, SR. AND RICHARD J. GIULIANI, JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AQM, INC. AND JOE DEVINE | : | |
| | : | |
| APPEAL OF: AQM, INC. | : | No. 728 EDA 2014 |

Appeal from the Judgment Entered February 7, 2014,
in the Court of Common Pleas of Montgomery County,
Civil Division, at No(s): 2012-09324

BEFORE:   LAZARUS, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 12, 2015**

AQM, Inc. (AQM)[1] appeals from the judgment entered on February 7, 2014, in this breach of contract action.  Upon review, we dismiss the appeal.

On April 13, 2012, Richard J. Giuliani, Sr. and Richard J. Giuliani, Jr. (collectively, the Giulianis) filed this lawsuit on the basis that AQM failed to winterize properly an air conditioning system located in an office building owned by the Giulianis.

> [The Giulianis] sought reimbursement of the money expended on the attempted repairs … as well as future estimated cost of replacement parts and labor.  A two day jury trial was held before the [trial court] on December 4-5, 201[3].  The jury returned a verdict in favor of [the Giulianis] in the amount of $22,010.96 arising from [AQM's] breach of its contractual duties to properly winterize the air conditioning system.

---

[1] The original complaint named AQM and Joe Devine individually as defendants.  The claim against Joe Devine was withdrawn with prejudice by agreement of the parties on the first day of trial.  Trial Court Opinion (TCO), 5/2/2014, at 2.

*Retired Senior Judge assigned to the Superior Court.

[AQM] filed a post[-]trial motion on December 13, 2013, requesting the trial court to grant a new trial or enter judgment notwithstanding the verdict. [AQM] contended there was insufficient evidence to support the verdict and the jury was forced to speculate. After oral argument on January 31, 2014, the trial court entered an order denying [AQM's] post-trial motions on February [7], 2014[, and judgment was entered that same day]. [AQM] filed a timely notice of appeal on March 4, 2014. By order dated March 5, 2014 and docketed on March 7, 201[4], the trial court directed [AQM] to file a concise statement of errors complained of on appeal pursuant to Pa.[]R.A.P. 1925(b). [AQM] filed [its] timely 1925(b) statement on March 28, 2014 … .

TCO, 5/2/2014, at 2 (footnote omitted). On May 2, 2014, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a).

During the pendency of this appeal, the Giulianis filed two motions to quash or dismiss appeal with this Court, the latter of which alleged, *inter alia*, that AQM's brief and reproduced record are so deficient that dismissal or quashal of the appeal is proper. This Court denied both motions without prejudice to the Giulianis' right to raise the issues presented therein before the merits panel. In their brief to this Court, the Giulianis renew their argument that AQM's appellate brief and reproduced record are so deficient that dismissal of the appeal is warranted.

Pursuant to the Pennsylvania Rules of Appellate Procedure, this Court has the discretion to dismiss an appeal when the defects in an appellant's brief or reproduced record are substantial. Pa.R.A.P. 2101. We agree with the Giulianis that AQM's appellate brief fails to comport with the

Pennsylvania Rules of Appellate Procedure in multiple respects. For example, the brief contains sections that are out of order and fails to include a summary of the argument section in violation of Pa.R.A.P. 2111. Additionally, the statement of the case section fails to include many of the requirements set forth in Pa.R.A.P. 2117(a) and contains argument in violation of Pa.R.A.P. 2117(b). AQM's appellate brief also lacks a proper conclusion stating the precise relief sought in violation of Pa.R.A.P. 2111, as it only provides that "[t]he [c]ourt allowed the jury to guess, which is improper." AQM's Brief at 6.

The most problematic aspect of AQM's appellate brief, however, is its failure to provide developed arguments in support of the issue it apparently wants this Court to address. Pa.R.A.P. 2119. The brief's argument section is less than one page in length and consists of four quotations, presented in serial format,[2] and the following conclusion: "'Someone else' turned the chiller on, and there was no evidence that it was the appellant. It is improper to allow the jury to guess." AQM's Brief at 5. As such, AQM presents this Court with an unintelligible, undeveloped argument. We refuse to guess as to what AQM attempts to argue and instead find that it has

---

[2] AQM includes one quotation from each of the following sources: (1) a piece of evidence offered at trial, (2) a 1909 opinion of our Supreme Court, (3) a 1992 opinion from the Court of Common Pleas of Philadelphia County, and (4) an appellate reply brief filed in a 2008 case before this Court.

waived its claim on appeal. **See In re J.B.**, 39 A.3d 421, 437 (Pa. Super. 2012) ("Appellate arguments which fail to adhere to [the Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived. … This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

The defects in AQM's appellate brief are substantial[3] and, therefore, preclude this Court from engaging in meaningful appellate review. For this reason, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/12/2015

---

[3] We further observe that AQM's reproduced record also fails to comply with the Pennsylvania Rules of Appellate Procedure.